## KIRK v. DU BOIS.

(*Circuit Court, D. Pennsylvania.* March 21, 1891.)

1. INFRINGEMENT OF PATENTS—DAMAGES.
   An infringer is liable only for profits or savings actually realized by him from the use of the patented invention, and shown by clear and definite proof.
2. COSTS ON ACCOUNTING.
   Where a master, acting under a decree for an account of profits and damages, reports that the defendant has made no profits, and that the plaintiff is entitled only to "nominal damages, with costs," the court, in confirming his report, allowed full costs to the plaintiff.

In Equity.

*W. Bakewell* and *W. L. Pierce*, for complainant.

*W. P. Jenks, Geo. A. Jenks*, and *T. H. B. Patterson*, for respondent.

ACHESON, J. At the former hearing the grounds of defense set up and relied on were fully considered, and the conclusion reached that the plaintiff was entitled to an injunction and an account. The views of the court upon the case as then presented are distinctly set forth in the opinion of Judge McKENNAN, 33 Fed. Rep. 252. No reason is perceived for doubting the soundness of that opinion. But our former decree is not now regularly open to review, even were it conceded (as the defendant earnestly contends) that new proofs were adduced before the master upon the accounting, which impugn the right of the plaintiff to maintain his bill; for, if the defendant desired to reopen the questions heretofore passed on by the court, it was his business to apply for a rehearing, which, if granted at all, would have been upon terms securing to the plaintiff an opportunity of putting in additional rebutting evidence. We turn, then, to the consideration of the only matters properly before us. The plaintiff offered no evidence of any substantial damages sustained by him by reason of the defendant's infringement of the patent in suit, and the case before the master resolved itself into the question, what profits or gains were made by the defendant from his use of the plaintiff's invention? The conclusion of the master was that the defendant had derived no such profits or gains, and therefore he found that the plaintiff is entitled to nominal damages only, with costs. The report of the master is able and exhaustive, and relieves me from the necessity of discussing the case at any great length. The plaintiff's invention relates to movable dams, and consists of improvements therein merely. The claims of the patent are no less than 10 in number, but the defendant's infringement was of one of them only, the sixth claim, namely: "A bear-trap dam, having a relieving or open sluice extending from under the gates, so as to relieve them from unnecessary pressure, substantially as and for the purposes described." The operation of this relieving device is automatic, and the purpose is, when the water has reached a certain height or pressure under the gates, to permit all water not required to sustain the gates to escape from under them, and prevent the lower leaf from being forced out from under the upper leaf,

which would endanger, and might wreck, the dam. The bear-trap dam itself was an old and well-known structure, long in practical and successful use. The plaintiff and his main witness testified, in substance, that to accomplish the beneficial result obtained by this relieving device without its use would require constant manual service,—the employment of a skilled watchman day and night at each dam,—the plaintiff estimating the cost of this manual labor at $1,500 a year for each dam; and upon that basis it was claimed that the defendant was chargeable with profits. No other evidence of profits or gains was offered. But it seems to me from the proofs that the plaintiff and his witness lacked practical knowledge of the working of bear-trap dams, at least as the same are used in the defendant's business. Their expressed views on this subject were largely conjectural and speculative, and I agree with the master that they are inadmissible as the basis for an accounting in this case. *Mayor, etc.*, v. *Ransom*, 23 How. 487. It is a familiar and well-settled principle that an infringer is liable only for profits or savings actually realized by him from the use of the patented invention, and shown by clear and definite proof. *Dean* v. *Mason*, 20 How. 198; *Philp* v. *Nock*, 17 Wall. 460; *Garretson* v. *Clark*, 111 U. S. 120, 4 Sup. Ct. Rep. 291; *Rude* v. *Westcott*, 130 U. S. 152, 9 Sup. Ct. Rep. 463. Now, the defendant's infringing dams were small bear-trap dams, erected and maintained in a small private and unnavigable stream, and were used exclusively for raising artificial floods for log-driving purposes, except two dams at the saw-mill, where a pool was maintained for floating and handling the logs. The height of the dams was but from $4\frac{1}{2}$ to $5\frac{1}{2}$ feet; the cost of construction of each dam only about $500; and the cost of replacing the lower leaf, if swept away, but from $25 to $30. In fact, the defendant's dams were provided each with side stops or cleats, fastened on the sides of the dam or leaf chamber, which was an old protecting device; and the proofs are direct and clear that these side stops, as used on the dams of the defendant, were sufficient to withstand all pressure to which the gates of the dam were subjected, and that the side stops, when used alone, afford as adequate protection to the defendant's dams as the plaintiff's automatic relieving device could do. Such, in substance, is the master's finding on this branch of the case, and it is fully justified by the proofs. The plaintiff's theory that the use of his automatic relieving device effected a saving to the defendant in the matter of manual service was completely overthrown by proved facts, and the evidence is strong and persuasive that the defendant realized no profits or saving whatever from its use. There are other special findings of fact by the master, going to sustain his general conclusion that the plaintiff is entitled only to nominal damages, which I will not discuss nor recite. It is enough for me to say that I am not convinced that there is any error in any of his findings. In the result reached by the master I fully concur. Upon the subject of costs little need be said. I do not agree with the defendant's counsel that by virtue of section 973 of the Revised Statutes costs are to be denied the plaintiff for want of a partial disclaimer. The words found in the body of the specification, "If de-

sired, the discharge opening may be controlled by a valve operated by a float," do not import that the patentee was the inventor of the float, or its application to operate a valve; and certainly no such matter is embraced in any claim of the patent. The master, who was perfectly familiar with the course of the litigation as conducted before him, has included in his finding the allowance of full costs to the plaintiff, and I am disposed to adopt his recommendation in that regard. Let a final decree be drawn in accordance with the master's report.