WILLIAMES et al. v. McNEELY et al.

(Circuit Court, E. D. Pennsylvania. November 23, 1896.)

PATENTS—INFRINGEMENT—DAMAGES—LICENSE FEE.

If complainant sues on a part only of the claims of a patent, and relies solely on an established license fee as the measure of damages, he can recover only a nominal sum, where his evidence fails to apportion with any degree of certainty whatever the amount of such fee between the claims which are and those which are not in litigation.

This was a bill in equity by Napoleon W. Williames and Warren Webster against Charles W. McNeely & Co. for alleged infringement of letters patent No. 256,089, granted April 4, 1882, to complainant Williames, for an improvement in steam-heating apparatus for buildings. The patent contained seven claims, of which only the first and third were sued upon. These claims were held valid and infringed, and the cause was referred to a master for an accounting. 64 Fed. 766. The cause is now heard on exceptions to the master's report.

Ernest Howard Hunter, for complainants.
Jos. C. Fraley, for defendants.

DALLAS, Circuit Judge. In accordance with the decree of this court of December 11, 1894, the master thereby appointed to state an account of profits and to assess the damages arising and sustained by reason of the infringement by the defendants of the first and third claims of the patent No. 256,089, granted to Napoleon W. Williames on the 4th day of April, 1892, has filed his report. The complainants, insisting that he has erred in his findings, reasoning, and conclusion, have filed 10 exceptions thereto, upon which counsel have been heard, and the questions presented have been fully considered. The exceptions need not, however, be separately dealt with. There was no evidence offered of any gains or profits made by the defendants. The plaintiffs confined themselves to an effort to secure an assessment of substantial damages by proof of an established license fee. In this the master felt himself constrained to hold that they had not succeeded, although every opportunity, even by allowance of their request to reopen the case after it had been once argued before him, was accorded them. He has accordingly reported that, in his opinion, they can be awarded nominal damages only; and the essential question now is as to the correctness of this opinion.

It is, of course, not requisite that one against whom a wrong has been committed shall establish to demonstration the exact extent, measured in money, of the damage he has suffered by the act of the wrongdoer. The law is solicitous that injuries shall be redressed, and therefore exacts compensation for their consequences wherever, with reasonable certainty, the amount which would be compensatory can be ascertained from evidence. Consequently I have anxiously examined the evidence submitted before the master in this case for the purpose of assuring myself respecting its sufficiency, in whole

or in any part, as a basis for the estimation of damages, but have discovered nothing upon which such estimate could properly be founded. The plaintiffs have, as I have said, chosen to adopt the unquestionably admissible measure of an established license fee. But they have utterly failed to prove its existence with reference to the defendants' trespass. The licenses relied upon are inclusive of all the claims of the patent, of which there are seven, but the present inquiry relates to but two of them, and no evidence was adduced from which the entire fee could be, with any degree of certainty whatever, apportioned between the claims which are and those which are not involved in this litigation. The value of the part adjudged to have been taken by the defendants has not been shown at all, and though, as already indicated, the law does not exact from plaintiffs in such cases more than reasonable precision of proof of the amount of their damage, it is not permissible to merely guess upon that subject any more than upon any other matter submitted for judicial investigation. I deem it unnecessary to extend the discussion further. It is sufficient to say that I find no error in the master's findings or conclusion, and concur in his reasoning and opinion. The report of the master is confirmed, and the exceptions dismissed. I am of opinion that the plaintiffs are entitled to costs. Kirk v. Du Bois, 46 Fed. 486; Calkins v. Bertrand, 8 Fed. 755. Let the reported form of decree be accordingly supplemented by adding thereto the words "and costs," and thereupon the decree recommended by the master will be entered as the decree of the court.