THE MAYOR, ALDERMEN, AND COMMONALTY, OF THE CITY OF NEW YORK, PLAINTIFFS IN ERROR, *v.* FRANKLIN RANSOM AND UZZIAH WENMAN.

In an action for damages for the infringement of a patent right, the plaintiff must furnish some data by which the jury may estimate the actual damage. If he rests his case after merely proving an infringement of his patent, he may be entitled to nominal damages, but no more.

THIS case was brought up by writ of error from the Circuit Court of the United States for the southern district of New York.

The case is stated in the opinion of the court.

It was submitted on a printed argument by *Mr. Keller* for the defendants in error, no counsel appearing for the plaintiffs in error.

Mr. Justice GRIER delivered the opinion of the court.

The plaintiffs in error were defendants in an action for infringement of a patent, "for a new and useful improvement in the mode of applying water to fire-engines so as to render their operation more efficient."

On the trial, they took some twenty-four exceptions to the rulings of the court in their charge to the jury; but they have not seen fit to appear in this court, and point out to us on which of these numerous exceptions they principally rely for the reversal of the judgment. The defendants in error have not elected to have the writ of error dismissed for want of prosecution, but have filed a printed argument praying for an affirmance of the judgment.

On examination of the record, we find that the bill of exceptions contains no copy of the specification of the letters patent. Without this, we are unable to test the correctness of the construction of the patent by the court below.

But there is one exception which the record enables us to examine, and in which we think there is error.

The defendants' fourteenth prayer for instruction is as follows:

"The plaintiffs have furnished no data to estimate actual damage, and therefore in no aspect of the case can they recover more than nominal damages."

If the predicate of this proposition be true, the conclusion was correct, and the instruction should have been given by the court.

Where a plaintiff is allowed to recover only "actual damages," he is bound to furnish evidence by which the jury may assess them. If he rest his case, after merely proving an infringement of his patent, he may be entitled to nominal damages, but no more. He cannot call on a jury to guess out his case without evidence. Actual damages must be calculated, not imagined, and an arithmetical calculation cannot be made without *certain* data on which to make it.

The invention in this case was not one which enabled the patentee to make a profit by a monopoly of its use. Nor was it a separate and distinct machine, by the sale of which he

could make a profit. The patent is for an improvement in the apparatus of the common fire-engine, by which the hydrostatic pressure of the water from the hydrant may be combined with the hydraulic pressure of the engine, and thus add to its power and efficiency. There was evidence tending to show the invention to be valuable, and that it could be applied to the engines in use at an expense of twenty-five dollars, thereby greatly increasing the power of the machine. It was proved that the city had applied this invention to fifty engines, but no information whatever of the price or value of a single license is given in the bill; fifty is the coefficient by which an unknown number is to be multiplied, and without further data the result is still an unknown quantity. If there had been any proof that the selling price of a single license for a single engine was four hundred dollars, the jury would have had something to support their verdict for $20,000.

In the case of Seymour *v.* McConnel, (16 Howard, 485,) it was decided by this court, that where the profit of the patentee is derived neither from an exclusive use of the thing patented, nor from a monopoly of making it for others to use, the actual damage which he suffers by the use of his improvement without his license, is the price of it, with interest, and no more. It is to his advantage that every one should use his invention, provided he pays for a license. The only damage to the patentee is the non-payment of that sum when the infringer commences the use of the invention.

As the plaintiffs in this case did not furnish any evidence upon which to found a calculation of actual damages, the court should have instructed the jury as requested by the counsel. Instead of it, the court instructed the jury as follows:

"If the invention is valuable, if by its use the power and efficiency of the fire-engines belonging to the defendant are so increased, that fifty engines used with this improvement are equal in practical effect to seventy-five, or any other number of engines, used without this improvement, the jury are at liberty to infer, if they think the inference a just one, that the defendant, in its corporate capacity, has saved the cost

of the purchase and operation of the additional number of engines which would have been required to produce the same results if this invention had not been used; and that the corporate authorities, if they had admitted the plaintiffs' rights, would have paid the amount of this additional cost, or a large portion of it, as the consideration for a license to use this invention, rather than to abandon its use; and that the plaintiffs have therefore lost by the infringement what the defendant would have so paid to secure such license. It is for this reason that the benefits received by the defendant in its corporate capacity, from the use of the invention, in the consequent reduction of its expenditures for fire-engines, and their management and operation, are proper subjects for consideration in determining the plaintiffs' damages; and the jury must determine for themselves, upon the consideration of this and the other facts of the case, (if they find that the plaintiffs are entitled to recover,) what damages have been actually sustained by the plaintiffs in consequence of the unauthorized and wrongful acts of the defendant, being careful only to give the actual damages proved, and not to speculate upon the possibility or even probability of damages beyond such as are proved to have been sustained by the plaintiffs."

It was of little use to caution the jury from giving speculative or any other than "actual damages," after the large margin of inference and presumption which they were permitted to take in order to find data by which to calculate them.

It was said, in the case to which we have referred, "actual damages should be actually proved, and cannot be assumed as a legal inference from facts" which afford no data by which they can be calculated.

In order to find out the plaintiffs' loss or damage, the jury were allowed by the court to *infer* that the defendants have saved all the money indicated by the comparative powers of the engines with and without the improvement; and after having made this inference, they may *presume* that the defendants would have paid this amount to the plaintiff for the use of his improvement.

Thus the possible advantage or gain made by the use of

plaintiffs' improvement on their machines, is made the measure of his loss. If the plaintiffs, unable to furnish any other data for a calculation, had proved that the defendants had made a certain amount of money by putting out the fires in New York, which the plaintiffs would otherwise have made by use of their invention, he might with some reason contend that this was a proper measure.

But if he fails to furnish any evidence of the proper data for a calculation of his damage, he should not expect that a jury should work out a result for him by inferences or presumptions founded on such subtile theories.

We therefore direct the case to be remanded for a *venire facias de novo.*