## KANSAS CITY SOUTHERN R. CO. v. LANGLEY.

No. 7955—Opinion Filed Dec. 14, 1916.

(160 Pac. 451 )

1. Railroads—Operation—Injuries to Persons on Track—Burden of Proof.

While it is gross negligence to run a railroad train at night without a headlight, there can be no recovery for a death caused by being struck by such train unless such negligence was the proximate cause of the death, and in an action to recover for such death, the burden is upon the plaintiff of proving that such negligence was the proximate cause of the death.

2. Appeal and Error—Review—Questions of Fact—Verdict.

A verdict, unsupported by evidence, and based upon conjecture, cannot be upheld.

(Syllabus by Collier, C.)

Error from District Court, Adair County: John H. Pitchford, Judge.

Action by William F. Langley, administrator of the estate of Mike G. Keys against the Kansas City Southern Railway Company. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

J. Sam Wood and Reed & McDonough, for plaintiff in error.

W. W. Hastings, J. Berry King, and G. O Grant, for defendant in error.

Opinion by COLLIER, C. This is an action by W. F. Langley, as administrator of the estate of Mike G. Keys, deceased, to recover damages for the negligent killing of the plaintiff's intestate. Hereinafter the parties will be referred to as they were in the trial court. The undisputed evidence is that the defendant was a railroad corporation, and operated a line of railway in the state of Oklahoma, and on March 4, 1915, the deceased was in the town of Stilwell; that his home was about two miles north of said town; that the deceased was run over by a train of the defendant; that the train was a passenger train of the defendant, and was known as train No. 4; that the train left Stilwell about 10 p. m.; that the said locomotive drawing said train did not have a headlight at the time it left Stilwell and until after it passed where the deceased was killed. The evidence further tends to show that the deceased was struck by the train at about 10 p. m., but that no one saw the accident; that the body of the deceased was not found until about 6 or 7 o'clock the next morning; and, when found, the body was dismembered to such an extent as to show conclusively that the deceased was run over by said train, but there is no evidence in the case showing any negligence on the part of the defendant other than the fact that the engine of said train did not carry a headlight. It is also shown in evidence that the night plaintiff's intestate was killed it was dark and stormy, and that there were two crossings which were about one-third of a mile apart, and the body of plaintiff's intestate was found at about an equal distance between the two crossings; that along the right of way from Stilwell to the point where plaintiff's intestate was killed was, to some extent, used by the public as a traveled way, but it is not alleged in the petition nor proved that such use of said traveled way was with the consent or knowledge of the defendant, or that the deceased was injured while on said traveled way, or that the deceased was an invitee or licensee upon the track of the defendant. There was evidence that deceased had a dependent wife and several children; was 48 years of age; had a life expectancy of——years, and had an earning capacity of from $50 to $75 per month. Upon the conclusion of the evidence the defendant demurred thereto, which demurrer was overruled and duly excepted to. The jury returned a verdict in favor of plaintiff in the sum of $2,975. Within the statutory period motion for new trial was duly filed, overruled, and excepted to, and judgment entered in accord with the verdict of the jury.

To reverse the judgment rendered this appeal is prosecuted.

There are many assignments of error, but we deem it unnecessary to review any of them except as to the demurrer to the evidence.

The negligence counted upon is that the headlight upon the locomotive drawing the train which ran over the plaintiff's intestate "was defective, and the light extinguished." It is a well-settled principle of law that negligence alone does not constitute a cause of action, but that the negligence must be such as to have caused connection with the injury suffered. In every case involving negligence three elements are essential to constitute actionable negligence: (1) The existence of a duty; (2) a failure to perform that duty; (3) injury proximately resulting from such failure. The absence of either of these elements renders evidence insufficient to support a judgment. St. L. & S. F. R. Co. v. Snowden, 48 Okla. 115, 149 Pac. 1083. There must be causal connection between the negligence averred and the injury suffered to entitle plaintiff to recover, and this rule is so well established that it is unnecessary to support it by authorities. In McNeill v. Atlantic Coast Line Railway Co., 167 N. C. 390, 83 S. E. 704, it is held:

"While it is negligence to run a train at night without a headlight, there can be no recovery for the death of a person struck by a train having no headlight, unless the negligence was the proximate cause of the accident, and the plaintiff suing for the death has the burden of proving that the negligence was the proximate cause."

The Supreme Court of Missouri, in Frye v. St. L., I. M & S. R. Co., 200 Mo. 877, 98 S. W. 566, 8 L. R. A. (N. S.) 1069, said:

"It will be noticed that the absence of a headlight is pleaded in the petition as a negligent act toward plaintiff. We need not inquire whether such act would be negligent if injury came to passengers therefrom, or if injury came to persons at crossings therefrom. The question is whether plaintiff, a trespasser, can complain of the absence of such headlight. The answer to this is self-evident. The headlight was not intended for traspassers on the track. It was intended for the safety of the trainmen, of passengers, and of those having a right to be on the track. The rule is that a general duty of a railroad company to run its trains with care becomes a particular duty to no one until he is in a position to have a right to complain of the negligence. * * *"

If there was a general traveled way along the right of way of defendant from Stilwell, Okla., to the point where plaintiff's intestate

was found dead, and such traveled way was known to and acquiesced in by the defendant, the plaintiff's intestate was a licensee when upon such traveled way. There is no evidence whatever that the defendant was guilty of negligence in connection with such traveled way, which contributed to the injuries received by plaintiff's intestate, or that plaintiff's intestate was upon such traveled way when he received the injuries which resulted in his death. If the plaintiff's intestate, as may be clearly inferred from the evidence, at the time he was run over was upon the tracks of the defendant, he was a trespasser, and the defendant did not owe him any duty, other than not to willfully, wantonly, or by gross negligence injure him.

It is a general rule that a railroad company is not liable for injuries to a trespasser on its property, in the absence of willfulness, wantonness, or gross negligence. Gulf, C. & S. F. R. Co. v. Dees, 44 Okla. 118, 143 Pac. 852; Midland Valley R. Co. v. Littlejohn, 44 Okla. 8, 145 Pac. 1; C., R. I. & P. R. Co. v. Stone, 34 Okla. 364, 125 Pac. 1122, L. R. A. 1915A, 142.

Of course, if the plaintiff's intestate was a licensee upon the property of the defendant at the time he received the injuries which resulted in his death, the defendant, regardless of the fact that plaintiff's intestate was a bare licensee, was "bound to exercise that degree of care and watchfulness to protect human life that is commensurate with the probability that persons may be upon its track at any given point." Wilhelm v. M., O. & G. R. Co., 52 Okla. 317, 152 Pac. 1088. Upon a dark night, the failure to have a headlight might have been the proximate cause of the injury received by plaintiff's intestate; but such proximate cause cannot be determined upon conjecture.

"A verdict based upon conjectures * * * should be set aside." Spaulding Mfg. Co. v. Holiday, 32 Okla. 823 [124 Pac. 35].

"Where there is no evidence reasonably tending to establish a material issue submitted to the jury under the instructions of the court, which the jury must have found in favor of the prevailing party in order to have returned the verdict returned. the verdict will be set aside." Terry v. Creed. 28 Okla. 857, 115 Pac. 1022.

"Where, on inspection of the record, it is apparent that the evidence does not reasonably sustain the verdict of the jury, the verdict will be set aside by this court." Hassel, v. Morgan et al., 27 Okla 453, 112 Pac. 969.

"Where there is an entire lack of evidence to sustain material issues found by * * * the jury, this court will set aside the verdict and grant a new trial." L. Puls v. Robt.

Casey, 18 Okla. 142, 92 Pac. 388; Ingram and Weaver v. Dunning, 60 Okla. 233, 159 Pac. 927.

We are unable to see from the evidence that the failure to have a headlight was negligence on the part of the defendant which was the proximate cause of the death of plaintiff's intestate.

We are of the opinion that the demurrer to the evidence was well taken, and should have been sustained, and that in overruling said demurrer the court committed prejudicial error.

This cause should be reversed and remanded.

By the Court: It is so ordered.