## MUSSELLEM et al. v. FRENN.

No. 13292—Opinion Filed June 5, 1923.

Rehearing Denied July 24, 1923.

Motion to Reinstate Denied Jan. 22, 1924.

(Syllabus.)

1. **Husband and Wife—Alienation of Affection—Presumption of Affection.**

In an action for alienation of affection, it will be presumed that the plaintiff's husband has affection for her up to the time of the separation in the absence of evidence to the contrary.

2. **Same—Action—Burden of Proof.**

In order to sustain an action for the alienation of a husband's affections it must appear, in addition to the fact of alienation, that there has been a direct interference on defendant's part sufficient to satisfy the jury that the alienation was caused by the defendant, and the burden of proof is upon the plaintiff to show such interference.

3. **Same—Circumstantial Evidence.**

An action for alienation of affection can be established by circumstantial evidence, by facts that do not make a whole case, aided by just inferences from those facts in combination with others.

4. **Same — Judgment — Evidence — Instructions.**

Record examined and held: (1) That the evidence does not reasonably support the judgment against the defendant M. S. Mussellem; (2) That the trial court erred in not clearly instructing the jury that alienation of her husband's affection is the gist of plaintiff's action and in not instructing the jury that the class of testimony referred to in the opinion is admissible only for the purpose of showing malice.

5. **Same—Reversal.**

For the reason stated, the judgment of the trial court is reversed, and the cause remanded, with directions to grant a new trial.

Error from District Court, Muskogee County; E. A. Summers, Judge.

Action by Maggie Frenn against M. S. Mussellem and another for damages for alienation of husband's affections. Judgment for plaintiff, and defendants bring error. Reversed and remanded, with directions.

F. E. Riddle (Crump, White & Seawell and Gibson & Hull, of counsel) for plaintiffs in error.

Harry G. Davis and Neff & Neff, for defendant in error.

KANE, J. This was an action for damages for alienation of the affections of her husband, commenced by the defendant in error, plaintiff below, against the plaintiffs in error, defendants below.

The petition of the plaintiff alleged, in substance, that she was married to one Mike Frenn in 1906, and lived with him as his wife until they were separated in September 1919; that five children, three of whom are living, were born of said marriage; that in October, 1914, the plaintiff and her husband moved to Muskogee, Okla.; that the defendant Sophia Mussellem was a niece of her husband, Mike Frenn; that in November, 1917, one Charlie Ollie rented a room from the plaintiff, and that soon thereafter the defendant Sophia Mussellem tried to induce the said Charlie Ollie to leave the plaintiff's home and go to her house; that upon his refusal to do so the defendants became offended and falsely accused the plaintiff to her husband with improper relations with Charlie Ollie, and thereby alienated his affections and induced him to separate from plaintiff and stop all support of her and her three minor children.

The answer of the defendants was in effect a general denial.

Upon trial to a jury there was a verdict in favor of the plaintiff against both defendants in the sum of $17,500, $5,000 thereof being for actual damages and $12,500 being for exemplary damages, upon which judgment was duly entered, to reverse which this proceeding in error was commenced.

The grounds for reversal relied upon by counsel for plaintiffs in error are briefly summarized in their brief substantially as follows:

(1) Said court erred in overruling the motion of the plaintiffs in error for a peremptory instruction to the jury to return a verdict for them at the close of all the testimony.

(2) Said court erred in admitting incompetent evidence on behalf of the defendant in error.

(3) Court erred in the matter of instructing the jury.

The first ground for reversal seems to be well taken in so far as the defendant M. S. Mussellem is concerned. The evidence shows without serious contradiction that the plaintiff and her husband had several quarrels resulting in separation prior to the time the final separation occurred. There is nothing in the record tending to explain any of the previous quarrels or separations or what caused them. Of this last separation the plaintiff testified that her husband "went away on account of the house rent, and that was the cause of his leaving at that time." It is settled law that in an action for alienation of affection it will be presumed that the plaintiff's husband had affection for her up to the time of the separation, in the absence of evidence to the contrary. Flandermeyer v. Cooper (Ohio) 98, N. E. 102. Now as we understand the plaintiff's theory of her case, she admits that her husband had affection for her right up to the time of their last separation, but she contends that some time within the next four days after that event the defendants poisoned her husband's mind against her and alienated his affection by falsely charging her with improper relations with Charlie Ollie. In relation to the final separation the plaintiff testified, in substance, that in four days after her husband left on account of the house rent, he returned to their home accompanied by Mrs. Mussellem and accused her of having a child by Charlie Ollie, whereupon she had him arrested and thereafter refused to live with him, although many efforts were made by the Mussellems and others to induce her to take back her husband on account of the children.

We have searched the record with considerable care, and unable to show any evidence whatever tending to show any participation on the part of M. S. Mussellem in the marital affairs of the Frenns, except to befriend the family on many occasions, until after the final separation took place. There is some slight evidence tending to show that after that event M. S. Mussellem was friendly to Mike Frenn and unfriendly to the plaintiff. But it must be borne in mind that in order to sustain an action for the alienation of a husband's affections it must appear, in addition to the fact of alienation, that there had been a direct interference on defendant's part sufficient to satisfy the jury that the alienation was caused by the defendant, and the burden of proof is upon the plaintiff to show such interference. Brison et al. v. McKellop, 41 Okla. 374, 138 Pac. 154.

After a careful examination of the entire record, we conclude that the evidence is entirely insufficient to show that the aliena-

tion complained of was caused by any direct or indirect interference on the part of the defendant, M. S. Mussellem, with the marital affairs of the Frenns. As the judgment rendered in the case is joint in form, this finding would probably be sufficient to require a reversal of the judgment as to both parties (Outcalt v. Collier, 8 Okla. 473, 58 Pac. 642), but in order to avoid possible error that may occur on the new trial, which must be granted, we deem it necessary to notice a few other phases of the case.

There is an abundance of evidence tending to show bad feeling between Mrs. Mussellem and the plaintiff for a considerable time, both before and after the final separation. But when we consider that, according to the evidence of the plaintiff herself, the final separation was not on account of anything that Mrs. Mussellem said or did prior to that time, we are unable to find very much evidence sustaining the charge of alienation against Sophia Mussellem during the fateful four days. The only evidence the plaintiff relies upon on this particular point is the circumstance that when her husband returned home after his four days' absence, Mrs. Mussellem was with him and stood on the street in front of their house while her husband accused her of misconduct with Charlie Ollie. Both Mr. and Mrs. Mussellem testified, and on this point they are not contradicted by any witness or circumstance, that Mike came to their house two or three days after the final separation from his wife and told them that he had left his wife on account of Charlie Ollie and that since the separation he had been sleeping nights in the Frisco station. They both testified positively that during this time they never advised him to leave his wife, but that, on the contrary, they advised both of them to make up their differences and live together on account of the children. It is true that an alienation suit can be established by circumstantial evidence, by facts that do not make a whole case, aided by just inferences from those facts in combination with others, but the only circumstances in the case at bar which in any way tends to contradict the foregoing positive testimony of the Mussellems is the evidence of the plaintiff to the effect that Mrs. Mussellem accompanied Mike Frenn when he returned home after four days absence, and that they both attended the trial when on that occasion the plaintiff had Mike arrested.

In our judgment, the evidence against Mrs. Mussellem tending to show alienation, although rather meager, was, taking it as a whole, probably sufficient to take the case to the jury as to her, and the judgment would stand if the rights of the defendants in other respects were properly safeguarded by the trial court.

There is a great volume of evidence which, while it tends to show bad feeling between Mrs. Mussellem and the plaintiff, was not particularly relevant on the question of alienation. This evidence, the nature of which it is unnecessary to disclose, was admissible for the purpose of showing malice and enhancing the damages, provided the alienation was clearly shown. The trial court should make it clear to the jury that alienation of her husband's affection is the gist of plaintiff's cause of action, and that evidence of the class just referred to is only competent for the purpose of showing malice in the event that alienation was first clearly shown. On account of the closeness of the case on the merits, we think the court committed error in not explicitly instructing the jury in the particulars just pointed out.

There is no serious disagreement between counsel for the respective parties on any particular question of law. There is some contention on the part of the defendants that the petition contains more than one cause of action, but this, we think, is without merit. The cause of action is admittedly for alienation of affection, and the other matters pleaded are important only as aggravating the plaintiff's damages, provided alienation is shown. When the cause is tried on this theory, pleading the extraneous facts complained of is unobjectionable.

It seems to us that the question of alienation was largely lost sight of by the trial court, and while the evidence on this point is meager at best, the evidence showing bad feeling between the parties, not necessarily tending to affect the main question, but tending to show malice, is made much of. This probably accounts for the jury rendering a verdict for $5,000 actual damages and $12,500 exemplary damages. These sums, we think, are wholly out of proportion under any reasonable view that may be taken of the evidence contained in the record before us.

For the reasons stated, the judgment of the trial court is reversed, and the cause remanded, with directions to grant a new trial.

JOHNSON, C. J., and McNEILL, KENNAMER, COCHRAN, and HARRISON, JJ., concur.