## ALEX v. STRICKLAND.

No. 15773—Opinion Filed Sept 15, 1925.

1. **Husband and Wife—Action for Alienation of Wife's Affections—Loss of Consortium—Proof.**

The only difference between the action for the alienation of the affections of a spouse by persuasion and alienation by adultery is that in the former resultant loss of consortium must be proved, while in the latter the law conclusively presumes it.

2. **Same—Adultery—Jury Questions.**

In an action by the husband for the alienation of his wife's affections, where there is evidence of illicit relations between the wife and the defendant, it is for the jury to say whether the defendant thereby enticed and allured the plaintiff's wife, alienated her affections, and caused him the loss of consortium.

3. **Same—Proof of Domestic Trouble as Mitigating Damages.**

In an action for alienation of affections, evidence of domestic trouble may be considered by the jury in mitigation of damages.

4. **Same—Prior Estrangement of Wife.**

In an action by a husband for the alienation of the affections of his wife, the fact that the wife was wholly estranged from her husband goes only in mitigation of damages.

(Syllabus by Pinkham, C. )

Commissioners' Opinion, Division No. 5.

Error from District Court, Creek County; John L. Norman, Judge.

Action by George Strickland against William Alex. Judgment for plaintiff, and defendant appeals. Affirmed.

J. A. Watson, for plaintiff in error.

Davis & Frazier, for defendant in error.

Opinion by PINKHAM, C. The defendant in error, as plaintiff, brought this action against the plaintiff in error, as defendant, to recover damages for the alleged alienation of the affections of plaintiff's wife. The parties will be referred to as they appeared in the trial court.

Plaintiff alleged in his petition that he has been for more than seven years the husband of one Johnnie May Strickland; that on or about the 1st day of May, 1923, and while plaintiff was living and cohabiting with his said wife, and enjoying her affections, assistance, and respect, defendant, well knowing said Johnnie May Strickland to be plaintiff's wife and intending to wrongfully injure plaintiff and to deprive him of his wife's society, aid, love, and affections, willfully and maliciously gained her affections and induced her to have intercourse with defendant, and sought to and did persuade her and induced her by offers of money and other inducements to leave plaintiff and go with said defendant, and by said means did accomplish his said purpose to destroy plaintiff's home and did induce said Johnnie May Strickland to leave plaintiff's bed and board and accompany the defendant; that thereafter and at various times between the 1st day of May, 1923, and the 18th day of May, 1923, defendant continued his unlawful and wrongful intercourse with plaintiff's said wife and has induced her to desert plaintiff and to leave him without a helpmeet, and has deprived plaintiff of the affections, society, and aid of his said wife; and that by means of the premises, the said Johnnie May Strickland has become estranged from plaintiff and her affections and regard for him have been destroyed, and plaintiff has been and still is being wrongfully deprived by defendant of the comfort, society, and love of his said wife; that he has suffered great distress of mind to his damage in the sum of $50,000, for which sum he prayed judgment.

For his answer to plaintiff's petition, defendant filed a general denial. Upon the issues thus drawn the case proceeded to trial before the court and jury and resulted in a verdict for the plaintiff in the sum of $1,000. Judgment was rendered in accordance with the verdict. Defendant's motion for a new trial was overruled, exceptions saved, and the cause comes regularly on appeal of the defendant to this court by petition in error and case-made attached.

For reversal of the judgment, plaintiff in error assigns as error: (1) That the

court erred in overruling the demurrer of the defendant to the direct evidence of the plaintiff for the reason that the same was not sufficient to prove the allegations contained in plaintiff's petition and not sufficient to grant the relief prayed for in the petition. Under this specification of error, it is argued that this was a suit for damages for the alienation of the affections of the wife of the plaintiff and not a suit for damages for criminal conversation; that there was no testimony introduced at the time plaintiff closed his case in chief or during the entire trial of the case showing or tending to show that the defendant had alienated the affections of the wife of the plaintiff. It is conceded by counsel for defendant that the testimony of a number of witnesses on the part of the plaintiff was sufficient to submit to the jury the question of illicit relations between the defendant and the plaintiff's wife, but it is said that the question of such illicit relations and the question of the alienation of the affections of the wife are entirely different matters in the law and that admitting the truth of all the testimony adverse to the defendant, in view of the pleadings and the statement of counsel for plaintiff, showing the nature of the case to be an action for alienating the affections of the wife and not for criminal conversation with the wife, the demurrer to plaintiff's evidence should have been sustained.

In support of this proposition defendant, in his brief, cites the following from 13 R. C. L. 1485:

"It has been held that to support an action for alienating the husband's or wife's affections, it must be established that the defendant was the enticer, that mere proof of abandonment, and that the husband or wife maintained improper relations with the defendant, was not sufficient."

The only case cited in support of this text is Scott v. O'Brien, 129 Ky. 1, 110 S. W. 260. In referring to the case cited it is pointed out in a note in 13 R. C. L. 1485, that,

"This view, however, as to the effect of the seduction on the part of plaintiff's husband is not taken, as heretofore shown, by the better authorities."

It is well established that the gravamen, or gist, of the action, where it is for criminal conversation, is the adulterous intercourse, and the alienation of affections thereby resulting is regarded as merely a matter of aggravation and in some well-considered cases the two actions are considered as essentially the same. ·

In the case of Miller v. Pearce, 86 Vt. 322, the court said in the syllabus:

"The only difference between the action for the alienation of the affection of a spouse by persuasion and alienation by adultery is that in the former resultant loss of consortium must be proved, while in the latter the law conclusively presumes it."

In the case of Rott v. Goehring, 33 N. D. 413, 157 N. W. 294, Ann. Cas. 1918A 643, it is said in the opinion:

"Counsel differ as to the nature of the action, appellant's counsel stating that it is for alienation of affections alone, while respondent's counsel asserts that it is both for alienation of affections and for criminal conversation. In our judgment it matters little which is technically correct, for in this jurisdiction forms of action are expressly abolished—7355, Comp. Laws—and if the facts alleged in the complaint, when properly established, entitle plaintiff to any relief under the law, she may recover."

In the case of Sweikhart v. Hanarhan, 184 Mich. 201, the court said:

"It is plain that, however willing he may be to do so, a husband should not be permitted to recover damages for the carnal debauching of his wife by another without tendering the issue of criminal conversation and being bound by the rules of evidence which apply to the trial of the issue. The distinction between actions for damages for criminal conversation and those for alienation of affections, where such conduct is not charged, is pointed out in Perry v. Lovejoy, supra, 49 Mich. 532, 533 (14 N. W. 485)."

It will be observed that the petition in the instant case alleges adultery as one of the means of alienation. The court did not err in overruling the defendant's demurrer to the evidence of the plaintiff.

The two remaining assignments of error are: (1) That the court erred in overruling the motion of the defendant to instruct the jury to return a verdict for the defendant for the reason that the evidence was not sufficient to entitle plaintiff to recover against the defendant; (2) that the court erred in overruling the motion of the defendant for a new trial. The chief reason given for the alleged insufficiency of the evidence, as contended for by the defendant, is that the matters testified about by all of the witnesses were entirely free from any suggestion or proof of any fact tending to show the alienation of the affections of the wife of the plaintiff by the defendant, whatever their relations may have been. We do not understand from the argument of the defendant that there was not sufficient evi-

dence as to the illicit relations as alleged in plaintiff's petition to submit to the jury, but rather that the evidence was insufficient on the question of whether the defendant enticed the plaintiff's wife or alienated her affections, thereby causing him the loss of consortium. The courts are quite unanimous in holding that the gist of actions of this nature is the loss of consortium, and that in an action by a husband for the alienation of his wife's affections, where there is evidence of illicit relations between the wife and the defendant, it is for the jury to say whether the defendant thereby enticed and allured the plaintiff's wife, alienated her affections, and caused him the loss of the society of his wife. Dodge v. Rush, 28 App. Cas. (D. C.) 149, 8 Ann. Cas. 671.

The law is well settled that direct proof of illicit relations is not required, circumstantial evidence being sufficient. 3 Rice Ev. sec. 535; 21 Cyc. 1630.

The fact. if it be a fact, that the plaintiff was more to blame than the defendant; that plaintiff's wife had secured a divorce from plaintiff on the ground of cruel treatment. which divorce was set aside, does not exonerate the defendant from liability, nor will the plaintiff's action be defeated because the plaintiff's wife was estranged from her husband prior to the wife's illicit relations with defendant. Such matters are properly submitted to the jury for their consideration in fixing the amount of plaintiff's damages. Miller v. Pearce, supra; Rott v. Goehring, supra.

Irrespective of the prior existence of actual affection between the spouses, where there is loss of consortium by willful conduct of a third party, damages are recoverable. 30 C. J. 1126, par. 985.

It is finally urged that the court erred in overruling the motion of the defendant for a new trial. The principal argument made under this assignment of error is that the instructions of the court are erroneous in that the jury was led to believe that criminal conversation was equivalent to alienation of the affections of the wife and that this constituted fundamental error.

No exceptions were taken to any of the instructions given. We have, however, carefully examined all of the instructions of the court and we are of the opinion that the defendant's contention in this regard is without merit. The instructions fairly presented the issue involved in the case.

We do not deem it necessary in this character of case to set forth at length the testimony. We have, however, carefully examined the evidence as disclosed by the record, and we think it sufficient to say that we deem the verdict and judgment amply supported in the record by competent testimony.

We think the judgment should be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 30 C. J. p. 1124, § 980. (2) 30 C. J. p. 1146, § 1022. (3) 30 C. J. p. 1150, § 1027. (4) 30 C. J. p. 1126, § 985. See under (1, 2) anno. 16 L. R. A. (N. S.) 742; 43 L. R. A. (N. S.) 332. 13 R. C. L. p. 1485.