## NOVOTNY v. NOVOTNY.

No. 23787.    March 5, 1935.

Rehearing Denied Sept. 17, 1935.

Dyer & Smith and Jere G. Crowley, for plaintiff in error.

Felix Duvall and Elmer Rutherford, for defendant in error.

PER CURIAM. Plaintiff in error, plaintiff below, commenced her action in the district court of Kay county, Okla., on March 8, 1930. Defendant in error, defendant below, filed her answer denying all the material allegations of the plaintiff, except the marriage of plaintiff to Frank Novotny and the date thereof, which are admitted. As the parties here bear the same relation as below, they will be styled, respectively, plaintiff and defendant.

A jury was impaneled; the plaintiff submitted her evidence and rested. Thereupon the defendant filed a demurrer to the evidence on the ground that it was insufficient to justify the court in submitting the case to the jury, and failed to support plaintiff's cause of action. The demurrer was sustained. Plaintiff brings error.

The burden of proof rested on plaintiff to establish all the essential elements of the cause of action tendered.

"In an action for enticement or alienation of the defendant." 30 C. J. p. 1135, sec. the burden of showing all the essential elements of his or her cause of action. In general plaintiff has the burden of proving that the affections of the spouse were alienated by the wrongful acts or conduct of the defendant." 30 C. J. p. 1135, sec. 1004.

This court held in the case of Mussellem v. Frenn, 101 Okla. 45, 225 P. 370, that the alienation must have been caused by the defendant.

Under plaintiff's general allegations that she has lost her husband's society, affection, assistance, conjugal fellowship, and consortium as a direct result of the acts of the defendant, not only is she bound to prove such allegations, but likewise to submit facts or persuasive circumstances show-

ing that defendant purposely and wrongfully was the immediate cause thereof.

The evidence developed a number of circumstances which, with a proper basis laid, might have gone to the jury for consideration; but there is no proof reasonably tending to support the issue to which they were intended to be circumstantial. Ward v. Ward, 102 Okla. 24, 225 P. 964.

Had they been submitted to the jury, a verdict based thereon would have been returned upon conjecture rather than proof reasonably to sustain it, and would be set aside on proper presentation to this court. Kansas City So. Ry. Co. v. Langley, 62 Okla. 49, 160 P. 451.

It is fundamental that the demurrer to the evidence admitted the truth of each fact which the evidence reasonably tended to prove. It is unnecessary to detail the evidence here. It has been well cons·dered and discloses nothing proving or tending to prove a wrongful, unusual, or unlawful purpose on the part of the defendant to alienate the affections of plaintiff's husband, and fails to show that his affections were in fact alienated. It is one of the privileges of the trial court, amounting to a prerogative, to hear the evidence and pass upon its sufficiency; his conclusion that it was insufficient to maintain plaintiff's cause of action is entitled to weight and respect, and, in the absence of some clear indication that he was wrong in his decision, will not be reversed. Fuss v. Cocannouer, 70 Okla. 36, 172 P. 1077.

There is neither allegation nor proof of an illicit relationship. The loss of consortium, therefore, is not presumed, but must be proven. Alex v. Strickland, 111 Okla. 267, 239 P. 596.

In view of the obvious insufficiency of the evidence, it is useless to discuss the entire absence of proof relative to the intent of the defendant having been willful and malicious, as alleged by plaintiff. Having failed to sustain the burden of proof as to the material issue, the effect of such an allegation, and the lack of proof is immaterial to the proper disposition of this appeal.

Finding no error, the action of the trial court is affirmed.

The Supreme Court acknowledges the aid of Attorneys O. H. Graves, Charles A. Moon, and C. P. Gotwals in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Graves and approved by Mr. Moon and Mr. Gotwals, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

McNEILL, C. J., and RILEY, BUSBY, PHELPS, and GIBSON, JJ., concur.