## KOHLER v. CAMPBELL.
### No. 35234.

Supreme Court of Oklahoma.
June 30, 1953.

Frank Nesbitt, Nelle Nesbitt and Robert E. Nesbitt, Miami, for plaintiff in error.

A. L. Commons, Charles C. Chesnut, Miami, for defendant in error.

ARNOLD, Justice.

At the trial of this suit for alienation of affections and in support of her petition alleging alienation of affections with the resulting loss of the society, affection, assistance, conjugal fellowship and consortium of her husband plaintiff's evidence tends to show:

The plaintiff and her husband, whose affections are alleged to have been alienated, were married in 1928; they came to Baxter Springs, Kansas and lived there about six years; then they moved to Miami, Oklahoma, then moved to Fayetteville, Arkansas; after residence of about eight months in Arkansas they returned to Miami, where they have since lived; that her husband was about 49 years old and that plaintiff was about 50; that they had one child, a boy about the age of 17; that her said husband was a high school graduate and had worked at various mercantile stores and had been in the cafe business; that he began working for the B & K Clothing Store in Miami as a salesman, advancing to the position of manager and buyer; that this establishment is solely owned by Frank Kohler, an old and somewhat decrepit person, father of defendant; that the defendant was the only child of

Mr. Kohler, a single man; that the defendant is about 23 years of age, buxom and voluptuous, and a graduate of one of our prominent universities; that after her graduation and return from college defendant took over the bookkeeping department of said business; that plaintiff and her husband had gotten along during their married life in normal fashion up until plaintiff was apprised about July 1, 1948, by a housemaid in the Kohler home, no relation to either family, that defendant and her husband were keeping company and she began to investigate and watch the activities of her husband and the defendant; that she found from her conversations and investigations that they were going out socially as well as on business; that on one occasion plaintiff went to the Kohler home and found her husband and the defendant sitting on a divan in very close proximity to each other; that the defendant was dressed in a very closely fitting mid-riff or brassiere and shorts; that she remonstrated and the father of defendant spoke up in the presence of the defendant and said, "I do not approve of it either but I cannot do anything about it"; that she was informed by defendant that she loved plaintiff's husband and intended to get him; that plaintiff's husband left home and took up his abode in a hotel about July 4, 1948, and filed suit for divorce alleging extreme cruelty; that she countered with a denial of extreme cruelty, asserted proper conduct on her own part, and filed a suit for alienation of affections; that she and defendant lived apart until about October, 1948, when a reconciliation was effected; that he dismissed his divorce action and she dismissed her alienation of affections suit; that during the time of this separation and in fact up until the second divorce action was filed and the instant action filed for alienation of affections, the defendant and her husband went to various places, such as night clubs and restaurants, socially; that her husband again left home about December 1, 1948; that she filed a suit for divorce and obtained a divorce and division of property; that she filed this action for alienation of affections at about the time she filed her suit for divorce; that the defendant and her former husband were married at the expiration of about six months from the date of his divorcement.

One who designedly alienates the affections of another by controlling influence, depriving another, who is entitled thereto, of loss of the society, affections, assistance, conjugal fellowship and consortium of her husband, is liable in damages for alienation of affections. Under the foregoing facts and circumstances the proof by plaintiff was sufficient to withstand a demurrer.

The defendant denied under her proof any design or enticement on her part and proved that her present husband, the former husband of plaintiff, was the aggressor; that he had no love or affection for his former wife during the last seven years of their coverture. Her testimony generally was highly contradictory to what reasonable men might conclude from the testimony of plaintiff. At the conclusion of all the testimony the court denied motion for directed verdict and thereafter overruled motion for new trial, provoking this appeal.

The defendant below, plaintiff in error here asserts the alleged error of the court in overruling her motion for new trial, and in this connection argues that the evidence of plaintiff was insufficient and that on the evidence as a whole the motion for directed verdict should have been sustained for the same reason, and excessiveness of the judgment based on the unanimous verdict of the jury for $10,000 actual and $1500 punitive damages.

While alienation of affections suits are in general disrepute and somewhat frowned upon, calling for close scrutiny of the amount of the judgment, the rule on liability is the same as in other law actions: where the evidence and all reasonable inferences to be drawn therefrom reasonably supports the verdict of the jury and judgment of the court in conformity therewith the judgment will not be disturbed on appeal. Fife v. Adair, 173 Okl. 234, 47 P.2d 145. Applying this rule in this case we cannot say as a matter of law that

the evidence does not reasonably support the finding of the jury that the defendant did designedly alienate or by controlling designed influence did alienate the affections of plaintiff's former husband with the resulting loss of the society, affection, assistance, conjugal fellowship and consortium. Mussellem v. Frenn, 101 Okl. 45, 225 P. 370; Overton v. Overton, 121 Okl. 1, 246 P. 1095; Powers v. Stumbler, 83 Kan. 1, 110 P. 97; Nevins v. Nevins, 68 Kan. 410, 75 P. 492; 30 C.J. 1126, 42 C.J.S., Husband and Wife, § 670.

As hereinbefore indicated we cannot say as a matter of law that the jury's determination on the point and the approval thereof by the trial judge and therefore the judgment entered in conformity with the verdict of the jury was without supporting evidence. To what extent the foregoing enumerated losses (loss of society, affection, assistance, conjugal fellowship and consortium) was designedly effected by the defendant, the appreciation of such losses by the plaintiff, and the evaluation of those losses in damages and the ability to pay are ordinarily questions of fact to be solely determined by the jury and its determination thereof will not be disturbed on appeal if supported by sufficient evidence. Though there is no proof in this record showing that the defendant had any property, we cannot say as a matter of law that the judgment is excessive.

Affirmed.