## Osheroff v. Rhodes-Burford Company.

(Decided May 27, 1924.)

### Appeal from McCracken Circuit Court.

1. Negligence—Swing Installed by Seller Held Not Inherently or Imminently Dangerous.—A porch swing. installed by seller which broke after seven months' use due to crystallization of hook, cannot be held inherently or imminently dangerous at time it was put up.

2. Negligence—Manufacturer or Seller Not Liable to Third Persons Having no Contractual Relations Unless Article Inherently or Imminently Dangerous.—A manufacturer or seller is not liable to third persons who have no contractual relations with him for negligence in construction, manufacture, or sale of an article, unless it is "inherently" or "imminently" dangerous.

3. Negligence—Wife Cannot Sue Seller of Swing to Husband for Negligence.—Where husband buys swing for use of family, to be

installed by seller, wife is not entitled as member of family to sue seller for personal injuries due to negligent construction or installation, unless inherently or imminently dangerous.

REED & BURNS and C. C. GRASSHAM for appellant.

WHEELER & HUGHES and MOCQUOT, BERRY & REED for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON— Affirming.

On June 28, 1920, the appellant, Rose Osheroff, went with her husband, J. Osheroff, to the furniture store of Rhodes-Burford Company in Paducah, and there the husband purchased a bill of house furnishings, which amounted to about six hundred dollars. The purchase included a porch swing which the vendor agreed to put up on the front porch of their house. The husband made the purchase; the goods were charged to him and he paid for them, though the wife was with him and assisted in making the selections. The swing was sent out to the house and put up by the vendor. It was purchased by the vendee for his own use and benefit and the use and benefit of his family. It was used by the family that summer and fall without any trouble. The husband and wife sat in it together; they had three children; the children also used it. On February 5, 1921, Mrs. Osheroff, on coming from town, sat down in the swing, which was still hanging on the porch; one of the hooks attaching it to the ceiling broke and she fell to the floor. One foot was caught under her and her leg was broken at the ankle. She brought this suit against the Rhodes-Burford Company to recover for her injury, charging in effect that in hanging up the swing it used defective hooks and failed to use reasonable care and diligence in fastening the hooks in the ceiling of the porch.

An answer was filed controverting the allegations of the petition. On the first trial of the case there was a verdict for the plaintiff for $1,675.00. The court on the defendant's motion granted a new trial and on the second trial of the case, at the conclusion of the plaintiff's evidence, instructed the jury peremptorily to find for the defendant. The plaintiff's motion for a new trial and her motion that judgment be entered on the verdict on the first trial having been overruled, she appeals.

The proof for the plaintiff showed these facts:

The hooks were screwed into the ceiling of the porch about a quarter of an inch beyond the threads and the break occurred in the thread of the screw. The hooks were not screwed in as far as the shank of the screw allowed and this allowed more vibration of the hooks in the movement of the swing. This caused the metal to crystalize and become more brittle. The break occurred in the thread, as the hook is weaker there than in the shank.

The two hooks have been brought up with the record. They were apparently alike; only one broke. It may have been that the break was due to some hidden defect in the screw; but, however this may be, the break did not occur until the swing had been used seven months, and if it was due to the cause assigned by the plaintiff it was due to a change in the condition of the metal from the use of the swing in that seven months. Under such circumstances it cannot be maintained that the swing as put up was inherently or imminently dangerous. The rule as to the liability of the vendor to third persons in a case like this is thus stated in 24 R. C. L. 512:

> "It is stated as a rule of law that a manufacturer or seller is not liable to third persons who have no contractual relations with him for negligence in the construction, manufacture or sale of articles manufactured or sold.
>
> "To this rule, however, the courts have very generally recognized an exception in the case of articles of sale that are 'inherently' or 'imminently' dangerous. As it ordinarily is stated, an act of negligence of a manufacturer or seller which is imminently dangerous to the life or health of mankind, and which is committed in the preparation or sale of an article intended to preserve, destroy or affect human life, is actionable by third persons who suffer from the negligence regardless of privity of contract."

This rule has been followed by this court in the following cases: Heindirk v. Louisville Elevator Co., 122 Ky. 675; Berger v. Standard Oil Co., 126 Ky. 156; Olds Motor Works v. Shaffer, 145 Ky. 616; Pullman Co. v. Ward, 143 Ky. 727.

It is earnestly insisted that as the swing was bought for the use of the family the contract was made for the benefit of the wife as a member of the family and that she may sue upon it to recover damages for the injury suffered by her by reason of the defendant's negligence

in putting up the swing. We have not been referred to any case so holding and we have not been able to find any. If the defendant had failed to put up the swing, it would hardly be maintained that the wife or any other member of the family could have maintained an action to recover damages for breach of the contract although some pecuniary loss was shown; and it is hard to see why an action may be maintained for the negligent performance of the contract by the wife, when she could not maintain an action for the breach of the contract by nonperformance. This court has in a number of cases followed the rule that a person for whose benefit a contract is made may sue thereon though a stranger to the consideration; thus it has been held that a city property owner may recover damages for the failure of a water company to furnish fire protection under the contract with the city. Tobin v. Frankfort Water Co., 158 Ky. 352, and cases cited; or that on a contract between the father of an illegitimate child and its mother that he would maintain and educate the child if the mother would surrender to him its custody, the child could maintain an action. Benge v. Hiatt's Admr., 82 Ky. 666.

This rule has been often applied upon promises made to one person to pay money to another. Bryant v. Jones, 183 Ky. 298, and cases cited. But no Kentucky case has extended the liability of the vendor to the members of the family unless the thing sold was inherently dangerous, as in the case of Olds Motor Co. v. Shaffer, 145 Ky. 616. In Pa. Steel Co. v. New York City Railway Co., 198 Fed. 749, the U. S. circuit court of appeals for the 2nd circuit, after stating the different theories upon which the rule that a third party may sue upon a contract not made with him is based, thus stated the limitation of the rule:

"But whatever may be the correct theory, one thing is essential to the right and that is that the third person be the real promisee—that the promise be made to him in fact although not in form. It is not enough that the contract may operate to his benefit. It must appear that the parties intend to recognize him as the primary party in interest and as privy to the promise."

This was approved by the United States Supreme Court in the Constable v. National S. S. Co., 154 U. S. 51, and has been followed in a number of other courts.

There is nothing in the transaction in this case recognizing the wife as the primary party in interest or as

privy to the promise. If she can sue for a breach of the contract any other member of the family could sue for a like injury, and it is hard to see why any visitor at the house using the swing by invitation from the family might not have a like action. This would impose upon the vendor a liability far beyond the ordinary expectation of the parties in such a transaction. If the wife or infant child could sue, the husband could bring a separate suit for his loss of services and expenses. The vendor is liable to the vendee for his loss by reason of the negligent performance of the contract, but to extend this liability to others is, it seems to us, to impose a liability not reasonably within the contemplation of any of the parties at the time the contract was made.

In Simons v. Gregory, 85 S. W. 751, an elevator which had been used for months fell by reason of negligent construction and the negligence of the operator who was an inexperienced and unfit person. Holding that the vendʻ was not responsible to a third person who was thus injured, this court, after referring to a number of cases, said:

> "Such an elevator cannot be distinguished from a defective steam boiler, a defective coach for the carriage of passengers, a defective wall, defective shelving in a storeroom, or a defective chandelier in a hotel, or the other things for which the maker was held not to be responsible to third persons injured thereby in the cases above cited."

A porch swing that after being used for months falls by reason of the crystalization of the metal of the screw by reason of the oscillation of the swing cannot be distinguished from the things cited.

We therefore conclude that the circuit court properly instucted the jury to peremptorily find for the defendant at the conclusion of the evidence.

Judgment affirmed.