# Bensinger Outfitting Company v. Seaman's Administrator.

(Decided February 19, 1926.)

## Appeal from Jefferson Circuit Court (Common Pleas, Second Division).

Negligence—Seller of Stove Held Not Liable to Wife of Buyer for Negligent Installation.—Seller of cook stove, which was not inherently or imminently dangerous, held not liable to wife of buyer for personal injuries from explosion of stove due to negligent installation.

ARTHUR B. BENSINGER for appellant.

L. D. GREENE for appellee.

OPINION OF THE COURT BY TURNER, COMMISSIONER— Reversing.

Appellant sold and delivered to George Seaman, on October 16, 1919, a coal cooking range, and the same was on that day or the next installed by appellant's agents in the kitchen of his home. On the 8th of November thereafter while George Seaman's wife was getting a meal, there was something in the nature of an explosion in the stove which caused the fire and flames to be thrown out of it, and to seriously and painfully burn her face, head, neck and chest.

She brought this action for damages, alleging in substance that when the stove was installed certain pieces of iron and steel were left therein and in the damper thereof and without knowledge of these facts she built a fire in the stove and the explosion resulted, all of which was caused as alleged by the negligence of the defendant's agents in leaving therein steel and iron pieces which interfered with the proper use and operation of the stove and damper, and which caused the fire and flames to be ejected therefrom; that the plaintiff and its agents knew, or could by the exercise of ordinary care have known, of this dangerous and defective condition and that the plaintiff did not know thereof.

An answer was filed, after a demurrer was overruled, denying the material allegations of the petition, and pleading contributory negligence.

Pending the action the plaintiff died, and the same was revived and prosecuted in the name of her personal representative.

The trial resulted in a verdict for $1,000.00 for the plaintiff, and upon this appeal by defendant it is necessary to consider only whether the trial court erred in overruling defendant's motion for a directed verdict.

The evidence for the plaintiff tended to establish the allegations of negligence in the installation of the stove, but appellant insists that as it had no contractual relation with the plaintiff or the plaintiff's intestate, that it, as vendor, is not liable to her for negligence in the installation of the stove, unless the same was inherently or imminently dangerous.

The theory is that the liability growing out of the sale and installation of the stove was a contractual one, and unless the thing sold and installed was inherently or imminently dangerous, defendant's contractual obligation is confined alone to the purchaser and that he and he only can recover or maintain an action growing out of a breach of that obligation. That such is the rule in this jurisdiction there seems no doubt.

In the case of Osheroff v. Rodes-Burford Co., 203 Ky. 408, a man bought a porch swing which the vendor agreed to install on the front porch of his house; it was installed by the vendor, and some months thereafter the purchaser's wife while using the swing was injured because of a defective screw put in the porch roof to which the hooks of the swing were fastened. The swing was not inherently or imminently dangerous, and the court, after a review of the authorities, held that the contractual liability between the husband as purchaser and the defendant as vendor was one that he alone could invoke, and that an injury to any member of his family, including his wife, growing out of a breach of that relation furnished no cause of action against defendant, and in reasoning out the proposition said:

> "If the defendant had failed to put up the swing, it would hardly be maintained that the wife or any other member of the family could have maintained an action to recover damages for breach of the contract, although some pecuniary loss was shown; and it is hard to see why an action may be maintained for the negligent performance of the contract, by the wife when she could not maintain an action for the breach of the contract by nonperformance."

Again in the same opinion it is said:

> "If she can sue for a breach of the contract any other member of the family could sue for a like injury, and it is hard to see why any visitor at the house using the swing by invitation from the family might not have a like action. This would impose upon the vendor a liability far beyond the ordinary expectation of the parties in such a transaction."

In this case the stove was not inherently or imminently dangerous any more than the swing was in that, and if there could be no recovery in the one by the wife there can be none in the other. No distinction can be drawn between the two cases; in each of them there was an article bought and installed which it was expected would be used by members of the family other than the purchaser, and if the liability, as held in that and other cases there referred to, grows out of the contractual relationship between the purchaser and vendor, manifestly there can be no recovery in this case.

Upon the authority of that case we must hold that the court erred in not granting the directed verdict asked for.

The judgment is reversed, with directions to grant appellant a new trial, and for further proceedings consistent herewith.