## MISSOURI, K. & T. R. CO. v. BEATTY.

No. 21811.   May 15, 1934.

Burford, Miley, Hoffman & Burford, for plaintiff in error.

Moss & Powell, for defendant in error.

BAYLESS, J.   This is an appeal from the district court of Oklahoma county, wherein James Beatty sued the Missouri, Kansas & Texas Railway Company, a corporation, basing his right of recovery upon the failure of the railroad company to maintain and repair the right of way fence, and that by reason of the failure to repair and maintain a lawful fence, a span of mules belonging to plaintiff, and of the value of $250, strayed upon the property of the railroad and were killed. The jury returned a verdict in favor of the plaintiff in the sum of $250.   From the verdict of the jury and the judgment based thereon, the defendant brings this appeal.

The parties will be referred to hereinafter as they appeared in the trial court.

There is only one assignment of error urged by the defendant, which is:

"There was no competent evidence to support a judgment in favor of plaintiff and against the defendant, and the court erred in submitting the cause to the jury."

Section 11969, O. S. 1931 (5539, C. O. S. 1921), being the section of the statute under which the defendant seeks to recover, reads:

"Whenever any railroad corporation * * * shall neglect to * * * maintain such lawful fence, such railroad corporation * * * shall be liable for all animals killed by reason of the failure to construct such fence."

It is clear to us from the statute above quoted that, in order for the plaintiff to recover from the defendant, he must show that his mules entered upon the railroad right of way through a defect in the fence where the plaintiff was, by law, bound to maintain and keep the fence in a good state of repair.

Plaintiff testified that his mules had strayed from a road camp several miles from the scene of the accident, and that approximately two days later he found the mules buried about 50 feet from the fence where the wire was down.

The plaintiff, by his testimony and that of Tom Carey, established the fact that the defendant's fence, at a point about 50 feet from where the mules were killed, was in a bad state of repair, in that posts were loose and part of the wire was laying on the ground, and part of the wire was up in the air six or seven feet over a creek or ditch. Plaintiff's evidence further disclosed that there were tracks up and down the rails from the cattle guard to the place where the mules were killed; that he could find no tracks at the place where the fence was down; that there was hair around the place where the mules were struck and hair on the cattle guards where he testified the mules had been trying to get over the cattle guard.

Defendant's witnesses testified that the mule tracks were on the cattle guard, and that there were mule tracks across on the other side of the cattle guard, leaving the impression that the mules entered by way of the cattle guard.

We think it is just as fair to conclude from the hair on the cattle guard that the mules entered the right of way by going over the cattle guard as it is to conclude they left hair on the cattle guards when trying to leave the right of way.

As applied to these facts, it is stated in 52 C. J. 34:

"In an action against a railroad company for injury to animals due to a failure to maintain fences, it is the place where the animal entered upon the track and not the place of the accident which fixes the liability. * * * The company is not liable if the animal entered at a place where there was a sufficient cattle guard, although the accident occurred where the company should have maintained a fence, but failed to do so."

The facts in Bremmer v. Green Bay, S. P. & N. R. Co., 61 Wis. 114, 20 N. W. 687, are almost identical to the facts in this case. In that case the Supreme Court of Wisconsin said:

"How she (the cow) came to be on the right of way at that place does not appear. Whether she came from the open common on either side of the track, or came along upon the defendant's right of way from the depot grounds is left by the evidence to mere con-

jecture. Of course, the defendant was under obligation to build any necessary cattle guards and to fence its right of way at the point where the cow was killed, * * * and was liable in a proper case for all damages done to cattle occasioned in whole or in part by the want of such fences or cattle guards.* * * But the damage must be occasioned in whole or in part by the want of such fences or cattle guards. If the cow came from the depot grounds, which the defendant was not obliged to fence, along the defendant's right of way, to the place where she was killed, then it would not necessarily be occasioned in whole or in part by the want of such fences or cattle guards. The burden was on the plaintiff to prove that she did not get onto the track at the point of the killing in that way. This was held by this court in Bennett v. Chicago & N. W. Ry Co., 19 Wis. 145. To recover, it was incumbent upon the plaintiff to 'show that the animal got upon the track at a point where the company was bound to maintain a fence, but had neglected to do so.' "

See, also, 52 C. J. 34.

It is our opinion after a careful examination of the record that the testimony wholly fails to disclose any circumstances reasonably tending to prove that the mules entered the right of way through the defect in the fence, but, at the most, only establishes that the mules could have entered through the defect in the fence. We have many times held this evidence is not sufficient to support a judgment. See Spaulding Mfg. Co. v. Holiday, 32 Okla. 823, 124 P. 35; Ingram v. Dunning, 60 Okla. 233, 159 P. 927; State v. Lonewolf, 63 Okla. 166, 163 P. 532; Kansas City Southern Ry. Co. v. Langley, 62 Okla. 49, 160 P. 451.

The judgment of the trial court is therefore reversed and remanded.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL and ANDREWS, JJ., concur. McNEILL, OSBORN, and WELCH, JJ., dissent. BUSBY, J., absent.