## MACKEY et al. v. JARVIS.

No. 27289.   June 29, 1937.

E. F. Maley, for plaintiffs in error.

F. J. George, for defendant in error.

PER CURIAM.   This is an appeal from the district court of Okmulgee county.

The action was instituted in a justice court by the defendant in error, hereinafter referred to as plaintiff, against the plaintiffs in error, hereinafter referred to as defendants, to recover damages alleged to have been caused by trespassing animals.

The plaintiff had judgment in the justice court and the defendants appealed to the district court, where the action was tried de novo to a jury.   Demurrers of defendants to the evidence interposed at the close of the plaintiff's evidence in chief, and again at the close of all of the evidence,

and motions for directed verdict, were overruled and denied.   The jury returned a verdict in favor of the plaintiff and assessed his recovery at the sum of $134. Judgment was entered on the verdict and decreed to be a lien upon the alleged trespassing animals.   The defendants appeal from the judgment so rendered and the order denying their motion for new trial. The defendants assign eight specifications of error which they present under five propositions. The first contention of the defendants is that the verdict and judgment are without the support of any competent evidence. The plaintiff relied upon circumstantial evidence to establish his claim that certain animals of the defendants had trespassed upon his premises, broken down his barn, and killed his animal.   In civil cases circumstantial evidence sufficient to sustain a verdict need not rise to the degree of certainty which would exclude every reasonable conclusion other than the one arrived at by the jury. Ramsey Oil Co. v. Dunbar, 172 Okla. 571, 46 P. (2d) 535; Missouri, K. & T. Ry. Co. v. Embrey, 168 Okla. 433, 33 P. (2d) 481. The circumstances upon which the plaintiff relied and upon which the jury was compelled to base its verdict may be briefly stated as follows:   The plaintiff was the owner of two mules, and on the night of February 17, 1935, he tied these mules in their stalls in his barn.   The next morning he went to the barn and found that a number of planks had been knocked off and that one of his mules was missing from his stall.   He thereupon made an examination of the lot around the barn and found a number of mule tracks which led off to a lane; at a distance of about a quarter of a mile some mules were observed grazing which were later identified as being mules belonging to two of the defendants. The plaintiff's missing mule was found a short distance from the barn lying down and apparently in great agony.   Efforts to resuscitate the animal were futile and it died.   A post-mortem examination revealed the fact that death was due to internal injuries.   The plaintiff testified that he did not know how his animal had been injured or what caused its death, but that he supposed that it was due to defendants' animals getting into his barn and crowding his animal.   There was no proof that the defendants' animals had been in the barn or the lot other than the tracks which were observed around the premises.   There was no evidence to show that these tracks could not have been made by other animals than those belonging to defendants.   The evidence was positive that only two of the defend-

ants owned any of the animals. As said in the case of Highway Construction Co. v. Shue, 173 Okla. 456, 49 P. (2d) 203:

"A verdict of a jury must be said to be based upon speculation and conjecture when, after considering all the evidence favorable to plaintiff, together with all inferences to be reasonably drawn therefrom, and excluding all evidence favorable to defendant, all unprejudiced minds must agree, from the facts and circumstances in evidence, that any one of several conclusions consistent with nonliability of defendant may as reasonably be drawn therefrom as is the conclusion of liability under plaintiff's theory of the case."

With the rules announced in the above cases in mind, it is apparent that the circumstances upon which the plaintiff relied to establish the liability of defendants were not sufficient to meet the requirements which rest upon circumstantial evidence, and that the evidence offered was such that the injuries to the plaintiff's animal and the damage to his barn might have been as readily inferred to have been caused by the animal's own efforts as it could have been attributed to the mules belonging to two of the defendants. The plaintiff was a white man and the defendants were negroes, and notwithstanding the positive evidence that only two of the defendants owned any of the mules which were alleged to have committed the trespass, nevertheless the jury returned a verdict against all of the defendants. It is apparent that in doing so the jury was motivated by the theory that, since the mules were seen near the plaintiff's premises shortly after the plaintiff's damages were discovered, therefore, because there was a possibility that the defendants' mules might have caused the same, they were justified in finding that they had done so. This was to arrive at a verdict by surmise, conjecture, speculation, and supposition. This court is committed to the rule that such a verdict will not be permitted to stand. As said in the case of Midland Valley R. Co. v. Rupe, 86 Okla. 286, 210 P. 1038:

"A judgment must be based upon evidence reasonably tending to support the same, not upon conjecture, and such judgment founded upon proof of a mere possibility will not be permitted to stand."

See, also, Spaulding Mfg. Co. v. Holiday, 32 Okla. 823, 124 P. 35; Riddle v. Garner, 175 Okla. 325, 52 P. (2d) 837; and Missouri, K. & T. Ry. Co. v. Beatty, 168 Okla. 254, 32 P. (2d) 892.

In view of the conclusion thus reached, we deem it unnecessary to consider and discuss the other contentions advanced by the defendants. The cause is reversed, with directions to enter judgment for the defendants.

Reversed, with directions.

OSBORN, C. J., BAYLESS, V. C. J., and BUSBY, CORN, and GIBSON, JJ., concur.