182 So. 471

## STERCHI BROS. STORES, Inc., v. CASTLEBERRY.

### 8 Div. 557.

Court of Appeals of Alabama.

Oct. 26, 1937.

Rehearing Denied Jan. 11, 1938.

Affirmed on Mandate June 30, 1938.

282

L. A. May and Bradshaw & Barnett, all of Florence, for appellant.

R. T. Simpson and R. T. Simpson, Jr., both of Florence, and Ben F. Ray, of Birmingham, for appellee.

RICE, Judge.

Appellee, plaintiff in the court below, brought suit (successful, as appears) against appellant, claiming damages for personal injuries received as the result of the "bursting" or "exploding" of a mechanical refrigerator sold by appellant to the husband of appellee.

The refrigerator in question was a Kelvinator, a nationally advertised product of a manufacturer who is not a party to the suit; and it was sold by the appellant in the condition in which it was bought from the manufacturer.

The refrigerator was placed with the Castleberrys "on approval," and was purchased by Mr. Castleberry, the husband of plaintiff, appellee, after a trial of ten days or two weeks in his home.

It had been used by the Castleberrys for more than a year when a small pipe cracked and a gas escaped. This escaping gas is alleged to have caused the injuries for which damages are claimed.

The negligence relied upon is the negligent failure or refusal to repair, the negligent installation of the refrigerator, and the negligence in selling the refrigerator.

"It frequently has been declared to be a rule that no cause of action in tort can arise from the breach of a duty existing by virtue of contract, unless there be between the defendant and the person injured what is termed privity of contract." 20 R.C.L. p. 49, § 44.

Of course the action here is founded in tort. 24 R.C.L. 514; Jones v. Gulf States Steel Co., 205 Ala. 291, 88 So. 21.

And the fact that "a seller warrants the condition or quality of a (the) thing sold does not in itself * * * impose any liability on him (it) to third persons who are in no way a party to the contract. In such a case there is no privity of contract between the seller and such third person, and this precludes any right on his (her) part to any advantage or benefit to be derived from the warranty." 24 R.C.L. 158; State of Maryland, to Use of Winfield H. Bond, v. Consolidated Gas, Electric Light & Power Company of Baltimore, 146 Md. 390, 126 A. 105, 42 A.L.R. 1237.

And we think, and hold, that "in order to make a vendor liable (in such a case as this) who sells an article not in itself of an imminently dangerous character, it must be averred that he had actual knowledge of the defect or danger." Huset v. J. I. Case Threshing Machine Company, 120 F. 865, 57 C.C.A. 237, 61 L.R.A. 303.

The rule is well established that where the injury is the result of an act, the cause of which is not in itself imminently dangerous to life and limb, nor based upon fraud or deceit, nor implied invitation, and where the plaintiff is not a privy of the contract with the defendant, an action for negligence will not lie. Laudeman v. Russell & Co. et al., 46 Ind.App. 32, 91 N.E. 822.

It has been said that, "ordinarily, where a vendee accepts the purchased article, the vendor becomes, by reason of such acceptance, relieved from liability to third parties with respect to it." Bragdon v. Perkins-Campbell Company, 87 F. 109, 110, 30 C.C.A. 567, 66 L.R.A. 924.

And we are of the opinion, moreover, that the fact that the Kelvinator was used by appellee for *more than one year* from the date of its purchase, before the occurrence made the subject of the suit, is

conclusive evidence that same was not—even if same had been averred, which it was not—imminently dangerous when sold. Lynch v. International Harvester Co. (C.C. A.) 60 F.2d 223.

 We concede it to be the law that "one who sells article known to be imminently dangerous to another, without notice of its qualities, is liable to any person who suffers injury therefrom which might have been reasonably anticipated, whether there were contractual relations between parties or not." Lynch v. International Harvester Co., supra.

But we find nothing in the evidence indicating that a Kelvinator, such as the one involved in this case, is an article inherently dangerous; or that the one here involved was imminently dangerous. Giberti v. James Barrett Mfg. Co., 266 Mass. 70, 165 N.E. 19. In fact, as pointed out hereinabove, it seems *conclusively established* that it was *not* inherently nor imminently dangerous.

In such a case it is well known that the seller of such an article takes upon himself no duty or obligation other than that which results from his contract. Giberti v. James Barrett Mfg. Co., supra.

In a case not distinguishable on the law involved from the instant case, the Court of Appeals of Kentucky held that the seller of a cook stove, which was not inherently nor imminently dangerous, was not liable to wife of buyer for personal injuries from explosion of stove due to negligent installation. Bensinger Outfitting Co. v. Seaman's Adm'r, 213 Ky. 157, 280 S.W. 941; and see Huset v. J. I. Case Threshing Machine Co., supra; also Osheroff v. Rhodes-Burford Co., 203 Ky. 408, 262 S.W. 583, and Pitman v. Lynn Gas & Electric Co., 241 Mass. 322, 135 N.E. 223.

Perhaps we have said enough. But we might add that it is, of course—with reference especially to counts A. & D. of the complaint—true that, on demurrer, the averments of the pleading demurred to are construed most strongly against the pleader. Ensley Ry. Co. v. Chewning, 93 Ala. 24, 9 So. 458.

Considering the principles of law quoted, and set down, as hereinabove, all of which represent our conclusion, we are of the opinion, and hold, that each, and all, of the four counts of the complaint which were submitted to the jury were subject to the demurrers interposed thereto. And,

further, that if any of said counts had been amended to state a cause of action under the principles we have set forth, under the evidence as contained in the bill of exceptions sent up here, the defendant, appellant, would have been entitled to have the jury given at its request the general affirmative charge to find in its favor.

For the error in overruling appellant's demurrers to plaintiff's (appellee's) complaint, and, separately, for the errors in overruling appellant's demurrers to counts A, B, C, and D of plaintiff's complaint, the judgment is reversed, and the cause remanded.

Reversed and remanded.

PER CURIAM.

Affirmed on authority of Sterchi Bros. Stores v. Castleberry, 236 Ala. 349, 182 So. 471.