FLEMING et al. v. HODGSON.

No. 32707.   July 1, 1947.

Rehearing Denied Oct. 14, 1947.

*185 P. 2d 181.*

James E. Grigsby and Robert E. Lee, both of Oklahoma City, for plaintiffs in error.

Wise & Ivester, of Sayre, for defendant in error.

HURST, C.J.  On December 18, 1941, at about 8 o'clock p.m., a mare belonging to plaintiff, Tack Hodgson, was killed by the passenger train of the Chicago, Rock Island & Pacific Railway Company.  The plaintiff sued to recover the damages sustained, and recovered a verdict for $500, on which judgment was rendered, and from which this appeal was taken.

The plaintiff alleged that the mare was killed as a proximate result of the negligence of the defendants in maintaining their right-of-way fence and in negligently operating their train. There was no evidence tending to prove negligence in the operation of the train.

The plaintiff introduced evidence tending to establish that the railroad right of way ran through his farm; that 30 acres were in a pasture on the west side of the right of way and 110 acres on the east side; that private gates were installed on each side of the right of way connecting the two pastures; that on December 10, 1941, he placed the mare and some 16 other horses in the east pasture and fastened the gate on the east side with a chain and wire; that he hauled water to the horses each day, but did not open the gate; that the mare with killed about 8 o'clock p.m.

on December 18th, and he was advised of her death by a member of the section crew after 10 a.m. on the following day; that when he arrived at the scene of the accident the east gate was fastened with a chain; that he rode around his east pasture that morning and found the right-of-way fence in such a bad state of repair that horses could have walked over it; that his fences on the other three sides of the pasture were in a good state of repair, having been recently rebuilt; that the section foreman told him both gates were open that morning when he arrived at the scene. The plaintiff admitted signing a statement the following February at the instance of defendants' claim adjuster to the effect that the fence was in a good state of repair and that the gates were left open by quail hunters, but he explained that he had reference to his fences and not the right-of-way fence and that he did not know that the gates were left open the night the mare was killed.  He testified that he saw no horse tracks going through the gate, and that he did not observe where the horses entered the right of way, and that he did not know how they entered.

The section foreman and two members of the crew testified that the gates were closed about 4:30 p.m. on the 18th, but that when they arrived the next morning about 10 o'clock the gates were propped open and many fresh horse tracks were in the gates; that the other horses were in the right of way or in a cemetery just north of the plaintiff's east pasture and adjacent to the right of way; that the right-of-way fence separating the right of way and the east pasture was in fair to good condition.  The foreman testified that the morning after the mare was killed the gates were found propped open with sunflower stalks, while a member of the crew testified they were found propped open with grain stalks.

The question for decision is whether the evidence was sufficient to submit the case to the jury and to justify the

court in overruling the defendant's demurrer to plaintiff's evidence and their motion for a directed verdict.

The rule is that the proximate cause of an injury may be established by circumstantial evidence, and all that is required of the plaintiff in order to make out a prima facie case, so that his case may not be said to be based upon speculation and conjecture, is to make it appear more probable that the injury resulted from defendants' negligence than from any other cause. Buxton v. Hicks, 191 Okla. 573, 131 P. 2d 1015; West Okla. Digest, Negligence, §134(2). And another pertinent rule is that in passing upon a demurrer to the evidence or a motion for a directed verdict, the trial court is to consider as true all the evidence favorable to the party against whom the demurrer or motion is directed, together with all inferences that may be reasonably drawn therefrom, and is to disregard all conflicting evidence favorable to the demurrant or movant. Carter Oil Co. v. Independent Torpedo Co., 107 Okla. 209, 232 P. 419; R. J. Bearings Corporation v. Warr, 192 Okla. 133, 134 P. 2d 355; West Okla. Digest, Trial, §§156 (3), 178.

Here, the plaintiff by his evidence made out a prima facie case, under the rule first above stated, by proving that the right-of-way fence was so defective that the mare could have walked over it without difficulty and that the rest of the fence around his pasture was in a good state of repair. The reasonable inference was that it was more probable that the mare entered the right of way over the defective fence of the defendants than in any other way. His evidence did not establish that the gate was open. The court, therefore, properly overruled the defendants' demurrer to plaintiff's evidence.

When the court came to rule upon the motion for a directed verdict, it was faced with the evidence of the defendants that the gates were found to be open about 10 o'clock the morning after the mare was killed. While there was no testimony directly contradicting this testimony, we think the court was not required to give it controlling weight. The defendants' witnesses were in disagreement as to how the gates were propped open. It is not shown when the gates were opened, whether before or after the mare was killed, or who would have had occasion to prop them open. The weight of the testimony of the section foreman and members of the crew and their credibility were questions for the jury to pass upon. 53 Am.Jur., Trial, §§300, 301. We cannot say that the evidence offered by the defendants was of such a conclusive nature that but one inference could be drawn as to the proximate cause of the death of the mare. Under such circumstances, we think the trial court properly overruled the motion for a directed verdict. Continental Casualty v. Owen, 38 Okla. 107, 131 P. 1084; Meyers v. Caruthers, 83 Okla. 131, 200 P. 212; 64 C.J., Trial §447.

The case of Missouri-Kansas-Texas Ry. Co. v. Beatty, 168 Okla. 254, 32 P. 2d 892, relied upon by the defendants, is not contrary to the conclusion we have reached. There the plaintiff proved that the mules may have entered the right of way through a defective fence or over the cattle guard that was not shown to be defective, making it conjectural as to whether the defendant's negligence caused the loss of the mules. The facts in Pittsburg, etc., Ry. Co. v. James, 64 Ind. A. 456, 114 N.E. 833, also relied upon by the defendants, are so dissimilar to the facts of the present case that it is not helpful.

Judgment affirmed.

DAVISON, V.C.J., and BAYLESS, WELCH, and CORN, JJ., concur. RILEY and GIBSON, JJ., dissent.